UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA M. MINOR,

Plaintiff,

- against -

CITY OF NEW YORK, ET AL.,

Defendants.

25-cv-09768 (JGK)

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The pro se plaintiff, Lisa M. Minor, brings this action against the City of New York (the "City"), the New York City Department of Correction ("DOC"), the Commissioner of Correction, in both his individual and official capacities, and Correction Officers John Does 1–10 (the "unidentified defendants") (collectively, the "defendants"). The plaintiff is an employee of DOC, and she asserts claims under 42 U.S.C. § 1983 and New York state law, arising from an alleged assault by a detainee of DOC.

The defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the defendants' motion to dismiss is **granted**.

## I.

The following facts are taken from the Complaint and are accepted as true for the purposes of this motion.

The plaintiff, a non-uniformed civilian employee of DOC, worked as a Legal Coordinator at the City-operated Vernon C. Bain Correctional Center

("VCBC"). Compl. ¶¶ 7, 9. On or about March 15, 2023, the plaintiff was working in the VCBC law library. Id. ¶ 12. During her shift, a detainee whom the plaintiff describes as a "known violent sex offender" entered the law library, unsupervised and naked. Id. ¶¶ 14–16. The plaintiff alleges that she was locked inside the area with the detainee and that he "accosted" her. Id. ¶¶ 16–17. The plaintiff alleges that she feared for her safety and believed she faced imminent physical harm. Id. ¶ 17. She alleges that she attempted to defend herself with a fire extinguisher and was trapped for an unreasonable amount of time before correctional staff arrived. Id. ¶ 18.

The plaintiff alleges that, as a result of this incident, she suffered severe emotional and psychological distress, a loss of her sense of safety at work, and possible economic loss, including the loss of employment opportunities, and that she continues to suffer those injuries. Id. ¶¶ 21, 36. The plaintiff attributes those injuries to the failure of DOC staff to follow proper procedures to control the detainee, id. ¶¶ 13, 20, and to the "policies, practices, customs, or usages" of the City and DOC, including "chronic understaffing and/or posting of untrained officers," the lack of sufficient "emergency alert or panic systems for non-uniform staff," the "failure to train DOC staff" on supervising certain "detainees around civilian staff," and the "tolerance of incomplete or inadequate incident reporting that conceals security failures." Id. ¶ 28.

The plaintiff brought this action on December 1, 2025, seeking $10 million in compensatory damages, punitive damages to the extent permitted by law, costs, and injunctive and declaratory relief. Compl. at 6. In

her complaint, the plaintiff asserts three claims: (1) deliberate indifference to her safety, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) municipal liability under § 1983 pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978); and (3) negligence and gross negligence pursuant to New York state law.

On three separate occasions, the Court invited the plaintiff to file an amended complaint. ECF Nos. 12, 14, 15. No such amendment was filed. On August 3, 2026, the defendants moved to dismiss the complaint. ECF No. 17. The plaintiff did not respond to that motion, and the Court gave notice that if she failed to respond by the extended deadline, the motion would be decided on the defendants' submissions. ECF No. 22; see Goldberg v. Danaher, 599 F.3d 181, 183–84 (2d Cir. 2010); McCall v. Pataki, 232 F.3d 321, 322–23 (2d Cir. 2000) (explaining that a plaintiff's failure to oppose the motion does not require dismissal, and that the court must still decide whether the complaint states a claim upon which relief can be granted).

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine

whether the complaint itself is legally sufficient."[1] Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).

The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

The pleadings of a pro se plaintiff are held to "less stringent standards" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). The Court may not read into the complaint factual allegations that are not there. Id.

## III.

The plaintiff names DOC as a defendant and asserts both her federal and state law claims against it. DOC is an agency of the City and as such cannot be sued. See Sullivan v. City of New York, 690 F. App'x 63, 66 (2d Cir.

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2017) (summary order); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). The City, which the plaintiff has also named, is the proper defendant. All claims against DOC are therefore **dismissed**.

**IV.**

Liberally construed, the plaintiff's deliberate indifference claim alleges that the defendants violated her Fourteenth Amendment right to substantive due process by failing to protect her from a foreseeable assault while she was performing her job duties, and that the City is liable for that violation under Monell.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) a right secured by the Constitution and laws of the United States was violated; and (2) the right was violated by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**A.**

The plaintiff's constitutional claims fail because the complaint does not allege a constitutional violation against any of the defendants.

The Due Process Clause limits the State's power to act and does not guarantee "a workplace that is free of unreasonable risks of harm." Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992). As a general matter, therefore, a "State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989).

The Court of Appeals for the Second Circuit has recognized two exceptions to that rule: "special relationship" liability and "state created danger" liability. Pena v. DePrisco, 432 F.3d 98, 109 (2d Cir. 2005). "[S]pecial relationship liability arises from the relationship between the state and a particular victim, whereas state created danger liability arises from the relationship between the state and the private assailant." Id. Neither exception applies here.

The plaintiff was not in State custody and has not otherwise alleged she has a special relationship with any of the defendants. "[I]nvoluntary custody [is] the linchpin of any special relationship exception," Matican v. City of New York, 524 F.3d 151, 156 (2d Cir. 2008), whether "through incarceration, institutionalization, or other similar restraint of personal liberty," DeShaney, 489 U.S. at 200. An employment relationship, like the one in this case, is voluntary. See Collins, 503 U.S. at 128; Robischung-Walsh v. Nassau Cnty. Police Dep't, 421 F. App'x 38, 40 (2d Cir. 2011) (summary order) (no special relationship between a detective and his police department); Golian v. N.Y.C. Admin. for Child. Servs., 282 F. Supp. 3d 718, 729 (S.D.N.Y. 2017) (no special relationship when a public-school teacher "freely accepted her job").

Nor has the plaintiff alleged a state-created danger. Liability under that theory "turns on whether the state conduct contributing to the victim's injury was 'affirmative,' which can give rise to liability, or 'passive,' which cannot give rise to liability." Golian, 282 F. Supp. 3d at 730. "A failure to interfere when misconduct takes place, and no more, is not sufficient" to support a

constitutional violation. Pena, 432 F.3d at 110. Instead, the plaintiff must allege that the "government official [took] an affirmative act that create[d] [the] opportunity for a third party to harm a victim (or increase[d] the risk of such harm)." Lombardi v. Whitman, 485 F.3d 73, 80 (2d Cir. 2007). The plaintiff alleges that the defendants "fail[ed] to take reasonable measures to protect" her by leaving the detainee unsupervised, and that the officer assigned to the area lacked essential training, did not accurately record detainee movement, and failed to search and secure the area before leaving the plaintiff locked inside with the detainee. Compl. ¶¶ 16, 24–25. At most, the plaintiff's allegations describe an officer's failure to take proper measures—conduct that falls "on the passive side of the line." Matican, 524 F.3d at 157; see Golian, 282 F. Supp. 3d at 730 ("A state agent's mere failure to intervene to prevent an attack by a third party is passive conduct for purposes of this theory."); see also Correction Officers' Benevolent Assn., Inc. v. City of New York, 415 F. Supp. 3d 464, 472 (S.D.N.Y. 2019) (alleged "failure to abide by safety enhancing procedures" did not constitute a violation of substantive due process).

In any event, the conduct alleged would not support a substantive due process claim. Official conduct must be so egregious that it "shocks the conscience," and "liability for negligently inflicted harm is categorically beneath [that] threshold." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846, 849 (1998); see Matican, 524 F.3d at 159 (concluding that allegations of "affirmative conduct by the officers, even if true, d[id] not shock the contemporary conscience"); Lombardi, 485 F.3d at 79–81. The plaintiff alleges

that the defendants "knew or should have known" of the risk of harm and failed to follow the appropriate procedures. The assertion that the defendants knew of the risk is "conclusory and not entitled to be assumed true," Iqbal, 556 U.S. at 681, and the plaintiff otherwise pleads no facts showing that any defendant had actual knowledge of a risk to her. What remains—that the defendants should have known of the risk and failed to follow procedures—sounds in negligence, which is the province of state tort law, not the Due Process Clause. See Collins, 503 U.S. at 128 (explaining that the Due Process Clause should not "be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law"); Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

Accordingly, the plaintiff has failed to state a substantive due process claim against any defendant. That failure alone requires dismissal of the § 1983 claims against the City, the Commissioner, and the unidentified defendants.

**B.**

The § 1983 claims against the individual defendants fail for additional reasons. The plaintiff has not alleged the personal involvement of the Commissioner or, with one exception, of the unidentified defendants, and the

official-capacity claims against the Commissioner duplicate the claims against the City.

### i.

The plaintiff names the Commissioner as a defendant in his individual and official capacities. As to the claims against the Commissioner in his individual capacity, the plaintiff does not allege what the Commissioner did or failed to do. There is no respondeat superior liability under § 1983, and a "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). The claims against the Commissioner in his official capacity are duplicative of the plaintiff's claims against the City, because an official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165–66 (1985).

Accordingly, the § 1983 claims against the Commissioner are **dismissed**.

### ii.

The plaintiff also names ten unidentified correction officers. The plaintiff alleges generally that the "[d]efendants knew or should have known of the substantial risk posed by leaving a known violent detainee unsupervised with a non-uniform employee in a locked area without an adequate emergency alert system" and failed to take reasonable measures to prevent the incident. Compl. ¶¶ 24–25. Apart from a single reference to an unidentified officer who was

allegedly "assigned to the area" and failed to secure it before leaving the plaintiff alone with the detainee, id. ¶ 16, the complaint refers to the unidentified defendants only collectively as "DOC staff," id. ¶¶ 13, 15, 19, 28. "[C]omplaints that rely on group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." Leneau v. Ponte, No. 16-cv-776, 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018). In any event, the one specific allegation—that an officer failed to secure the area—describes, at most, negligence, which cannot support a substantive due process claim. See Lewis, 523 U.S. at 849.

Accordingly, the § 1983 claims against the unidentified defendants are **dismissed**.

### C.

The plaintiff has also failed to state a Monell claim against the City. A municipality may be held liable under § 1983 only when the plaintiff's injury was caused by a municipal policy or custom. Monell, 436 U.S. at 690–94; Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). The plaintiff must show that the municipality, through its deliberate conduct, was the "moving force" behind the alleged injury. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997).

Where, as here, the plaintiff has not alleged an underlying constitutional violation, there is no basis for municipal liability. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).

Moreover, the plaintiff has not plausibly alleged a municipal policy, custom, or failure to train that is so inadequate that it amounts to "deliberate indifference to the rights of those with whom municipal employees will come into contact." Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992). "[C]onclusory allegations that the City's policy, custom, practice, or failure to train its employees led to [the plaintiff's] constitutional rights being violated are insufficient to survive a motion to dismiss." Cotto v. City of New York, 803 F. App'x 500, 504 (2d Cir. 2020) (summary order). The complaint does not allege any prior similar incidents or any specific training deficiency. Instead, the Monell claim is based on a general recitation of alleged deficiencies—understaffing, insufficient emergency alert systems, inadequate training, and tolerance of inadequate incident reporting—unsupported by any facts. See Compl. ¶ 28. Nor does the complaint explain how the alleged tolerance of inadequate incident reporting caused the assault on the plaintiff. See Brown, 520 U.S. at 404. Such allegations are insufficient to state a Monell claim. See Cotto, 803 F. App'x at 504.

Accordingly, the plaintiff's Monell claim against the City is **dismissed**.

## V.

The plaintiff also asserts state law claims for negligence and gross negligence. The defendants argue that those claims are untimely under New York General Municipal Law §§ 50-e and 50-i, which require that a notice of claim be filed within ninety days after the claim arises and that the action be

commenced within one year and ninety days after the event. In the alternative, the defendants ask the Court to decline to exercise supplemental jurisdiction over the state law claims.

The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. Those claims are before the Court only through the exercise of supplemental jurisdiction, which a district court may decline to exercise where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). In deciding whether to exercise supplemental jurisdiction, a district court balances the "values of judicial economy, convenience, fairness, and comity." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). All of the plaintiff's federal claims have been dismissed at the pleading stage, no discovery has taken place, and the plaintiff's state law claims raise questions of timeliness under New York law that are best resolved by the state courts.

The plaintiff's state law claims against the remaining defendants are **dismissed without prejudice**.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed, the arguments are either moot or without

merit. For the foregoing reasons, the defendants' motion to dismiss is **granted**. All claims against DOC are **dismissed**. The plaintiff's remaining claims under 42 U.S.C. § 1983 are **dismissed**. The Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims against the remaining defendants, and those claims are **dismissed without prejudice**.

The Clerk is respectfully requested to close all pending motions, to enter judgment dismissing the complaint, and to close this case. The Clerk is also requested to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff and to note service on the docket.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 20, 2026**

**John G. Koeltl**
**United States District Judge**